# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA EVANS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0321** (BOR Appeal No. 2047769)
                    (Claim No. 2011031220)

**REYNOLDS MEMORIAL HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa Evans, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Reynolds Memorial Hospital, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2013, in which the Board affirmed an October 5, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Ms. Evans an 8% permanent partial disability award, reversing the claims administrator's June 29, 2011, decision granting her a 0% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Evans worked for Reynolds Memorial Hospital as a licensed practical nurse. On March 20, 2011, while Ms. Evans was moving a patient, she felt spasms in her right mid thoracic and lumbar spine. She was seen the same day by an emergency room physician at Reynolds Memorial Hospital. On June 11, 2011, Ms. Evans further aggravated her injury while attempting to lift another patient. This claim was held to be a compensable aggravation of the March 20, 2011, injury. The claims administrator found 0% permanent partial disability related to Ms. Evans's lumbar spine injury that occurred on March 20, 2011. Ms. Evans protested this decision.

1

The Office of Judges determined that the only issue in litigation was the amount of permanent partial disability secondary to the lumbar spine injury that occurred on March 20, 2011. Ms. Evans asserted she was entitled to a 14% permanent partial disability award based upon the report of Bruce Guberman, M.D., who concluded she had 14% whole person impairment. The Office of Judges compared three different medical evaluations. The evaluation from Sushil Sethi, M.D., conducted May 23, 2011, was disregarded by the Office of Judges because it predated Ms. Evans compensable aggravation that occurred on June 11, 2011. The Office of Judges then compared the reports of Dr. Guberman and Christopher Martin, M.D. Dr. Guberman found 14% whole person impairment related to the injury as a whole, of which 7% was related to the thoracic spine and 8% to the lumbar spine. Dr. Martin determined the claimant had no resulting disability in the lumbar spine. When examining the two reports the Office of Judges determined that the main difference was that Dr. Guberman made the Table 75 of American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) designation, while Dr. Martin did not. Both doctors were critical of each other's classification. The Office of Judges chose to adopt Dr. Guberman's report because he more closely followed the American Medical Association's *Guides*. The Office of Judges supported its conclusion by adding that even if Dr. Martin and Dr. Guberman's Table 75 of the American Medical Association's *Guides* designation represented a reasonable difference of opinion then under West Virginia Code § 23-4-1g (2008), the issue would be resolved in a manner most consistent with Ms. Evans's position. Accordingly, Ms. Evans's position was adopted and Dr. Guberman's recommendation of 8% permanent partial disability related to the lumbar spine was adopted. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Ms. Evans cannot show that she is entitled to any more than an 8% permanent partial disability award because the only issue on appeal is her lumbar injury. In that regard, Dr. Guberman's report contains the highest level of impairment, and it only found 8% whole person impairment related to her lumbar injury. There is no other report of record that opines Ms. Evans is entitled to any more than an 8% permanent partial disability award related to her lumbar spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II